# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAEYEOL JUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUM COMPUTING INC., WILLIAM J. MCGANN, ROBERT LISCOUSKI, CHRISTOPHER BOEHMLER, and CHRISTOPHER ROBERTS,<br><br>Defendants. | **CASE NO. 2:25-CV-01457** |

**DEFENDANTS QUANTUM COMPUTING INC., WILLIAM J. MCGANN, ROBERT LISCOUSKI, CHRISTOPHER BOEHMLER, AND CHRISTOPHER ROBERTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS LEAD PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

TIMOTHY D. REYNOLDS
timothyreynolds@paulhastings.com
D. SCOTT CARLTON
scottcarlton@paulhastings.com
ALYSSA K. TAPPER
alyssatapper@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, California 90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

CHAD J. PETERMAN
chadpeterman@paulhastings.com
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendants*
*QUANTUM COMPUTING INC., WILLIAM J. MCGANN, ROBERT LISCOUSKI,*
*CHRISTOPHER BOEHMLER, AND CHRISTOPHER ROBERTS*

TO LEAD PLAINTIFF JAEYEOL JUNG AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Evidence 201, Defendants Quantum Computing Inc., ("QCi"), William J. McGann, Robert Liscouski, Christopher Boehmler, and Christopher Roberts (collectively, "Defendants") hereby request that the Court take judicial notice of the existence, contents, and legal effects of the following documents attached as exhibits to the Declaration of Timohy D. Reynolds.

**Exhibit A:** QCi's Form 10-K for the fiscal year ended December 31, 2019, filed with the Securities and Exchange Commission ("SEC") on March 27, 2020.

**Exhibit B**: QCi's Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on March 18, 2021.

**Exhibit C**: QCi's press release, dated February 24, 2022.

**Exhibit D**: QCi's press release, dated May 24, 2022.

**Exhibit E**: QCi's press release, dated February 8, 2023.

**Exhibit F**: QCi's press release, dated May 23, 2023.

**Exhibit G:** QCi's press release, dated July 13, 2023.

**Exhibit H:** QCi's press release, dated February 14, 2024.

**Exhibit I:** QCi's press release, dated October 17, 2024.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT

**Exhibit J**: QCi's press release, dated April 27, 2023.

**Exhibit K:** QCi's Form 10-Q for the quarter ended March 31, 2023, filed with the SEC on May 12, 2023.

**Exhibit L**: QCi's press release, dated May 22, 2023.

**Exhibit M:** QCi's Form 10-Q for the quarter ended June 30, 2023, filed with the SEC on August 14, 2023.

**Exhibit N**: QCi's press release, dated September 21, 2023.

**Exhibit O:** QCi's press release, dated October 22, 2024.

**Exhibit P**: QCi's press release, dated November 20, 2024.

**Exhibit Q**: Iceberg Research's article titled "Quantum Computing Inc. ($QUBT): On its Way to Vacuum state," dated October 5, 2022, available at https://iceberg-research.com/2022/10/05/quantum-computing-inc-qubt-on-its-way-to-vacuum-state/.

**Exhibit R:** Iceberg Research's article titled "Quantum Computing Inc.: the Phantom Chip Foundry," dated November 27, 2024, available at https://iceberg-research.com/2024/11/27/quantum-computing-inc-the-phantom-chip-foundry/.

**Exhibit S**: Iceberg Research's article titled "$QUBT is Already Running Behind with its New Chip Manufacturing Hype," dated December 9, 2024,

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT

available at https://iceberg-research.com/2024/12/09/qubt-is-already-running-behind-with-its-new-chip-manufacturing-hype/.

**Exhibit T**: Iceberg Research's article titled "Quantum Deception: A $2 Billion fraud built on fake products, fake revenue, and fake partnerships," dated January 16, 2025, available at https://www.capybararesearch.com/reports/quantum-computing-inc-a-stock-promotion-with-fake-products-sales-and-partnerships/.

**Exhibit U:** QCi's press release, dated January 19, 2022.

**Exhibit V**: QCi's Form 10-K for the fiscal year ended December 31, 2021, filed with the SEC on March 15, 2022.

**Exhibit W**: Quad M Solutions, Inc.'s Form 10-K for the transition period from October 31, 2021 to December 31, 2021, filed with the SEC on April 15, 2022.

**Exhibit X**: QCi's Form 10-K for the fiscal year ended December 31, 2022, filed with the SEC on March 30, 2023.

**Exhibit Y**: QCi's Form 10-K for the fiscal year ended December 31, 2023, filed with the SEC on April 1, 2024.

**Exhibit Z**: Yahoo stock price report for QCi, publicly available at https://finance.yahoo.com/quote/QUBT/history/?period1=1664582400&period2=1738281600.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

## I.    ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6) motion . . . in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Furthermore, Federal Rule of Evidence Rule 201 allows a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2).

In this case, each of the documents attached as exhibits to the Declaration of Timothy D. Reynolds (the "Reynolds Declaration") is properly considered in connection with the Defendants' filed motion to dismiss under (1) the incorporation by reference doctrine and/or (2) Federal Rule of Evidence 201(b)(2), which permits the Court to consider public records.

### A.    The Court Must Consider QCi's SEC Filings and Press Releases Because They Have Been Incorporated by Reference Into the Amended Complaint

Under settled law, a document is incorporated by reference into a complaint if it is "integral to and/or [is] explicitly relied upon by . . . the amended complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (ruling that the district

- 5 -

court properly considered documents attached to the defendants' motion to dismiss). Documents that are integral to or explicitly replied upon the complaint may be considered by courts "without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). This prevents Lead Plaintiff from "maintain[ing] a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." *Id*.

Lead Plaintiff expressly references and relies on QCi's SEC filings and press releases in the Amended Class Action Complaint for Violations of the Federal Securities Laws. As such, Defendants request that the Court consider the contents of each of the following documents under the incorporation by reference doctrine:

| Document | Exhibit No. | Paragraph |
|---|---|---|
| QCi's February 24, 2022 Press Release | C | 6, 7, 42, 141, 146 |
| QCi's May 24, 2022 Press Release | D | 6, 43, 147 |
| QCi's February 8, 2023 Press Release | E | 50 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| QCi's May 23, 2023 Press Release | F | 65 |
| QCi's July 13, 2023 Press Release | G | 67 |
| QCi's February 14, 2024 Press Release | H | 79 |
| QCi's October 17, 2024 Press Release | I | 88 |
| QCi's April 27, 2023 Press Release | J | 58 |
| QCi's Form 10-Q for quarter ending March 31, 2023 | K | 59, 60, 152, 165 |
| QCi's May 22, 2023 Press Release | L | 62, 162 |
| QCi's Form 10-Q for quarter ending June 30, 2023 | M | 71, 154, 167 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT

| QCi's September 21, 2023 Press Release | N | 75, 76 |
|---|---|---|
| QCi's October 22, 2024, Press Release | O | 89 |
| QCi's November 20, 2024 Press Release | P | 91 |
| October 5, 2022 Iceberg Report | Q | 8, 46, 47, 184 |
| November 27, 2024 Iceberg Report | R | 10, 92-95 |
| December 9, 2024 Iceberg Report | S | 11, 96, 97, 184 |
| January 16, 2025 Iceberg Report | T | 13, 99-105, 184 |
| QCi's January 19, 2022 Press Release | U | 129-140 |
| QCi's FY 2021 Form 10-K | V | 142, 143 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT

| QCi's FY2022 Form 10-K | X | 53, 57, 151 |
|---|---|---|
| QCi's FY2023 Form 10-K | Y | 80-84, 156, 157 |

### B. The Court Should Take Judicial Notice of Public Records Pertinent to the Defendants' Motion to Dismiss

It is well settled that public records can be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). "SEC filings fall within this category of public records that can be judicially noticed." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1299 (D. Del. 1992); *see also Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (ruling that courts may take judicial notice of SEC filings in ruling on a motion to dismiss). Moreover, the Court may take judicial notice of stock prices on a motion to dismiss because these facts are "not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *Ieradi v. Mylan Labs., Inc.,* 230 F.3d 594, 600 n. 3 (3d Cir.2000) (taking judicial notice of stock prices reported by Quotron Chart Services); *see also In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261,

264 (3d Cir. 2005) (taking judicial notice of a company's stock prices on a motion to dismiss).

Defendants thus request that the Court take judicial notice of QCi's Form 10-K for the fiscal year ended December 31, 2019, filed with the SEC on March 27, 2020, which is attached to the Reynolds Declaration as Exhibit A. Defendants likewise request that the Court judicially notice QCi's Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on March 18, 2021, which is attached to the Reynolds Declaration as Exhibit B. Defendants also request that the Court judicially notice Quad M Solutions, Inc.'s Form 10-K for the transition period from October 31, 2021 to December 31, 2021, filed with the SEC on April 15, 2022, which is attached to the Reynolds Declaration as Exhibit W. Defendants likewise request that the Court judicially notice QCi's stock prices publicly available on Yahoo Finance, which are attached to the Reynolds Declaration as Exhibit Z.

## II.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take Notice of Exhibits A through Z attached to the Declaration of Timothy D. Reynolds and consider them in connection with its adjudication of Defendants' contemporaneously filed motion to dismiss.

DATED:    November 14, 2025       PAUL HASTINGS LLP


By: */s/ Chad J. Peterman*
    Chad J. Peterman, Bar No.
    chadpeterman@paulhastings.com

200 Park Avenue 024671999
New York, New York 10166
Telephone: 1(212) 318-6000
Facsimile:  1(212) 319-4090

Timothy D. Reynolds (*pro hac vice*)
D. Scott Carlton (*pro hac vice*)
Alyssa K. Tapper (*pro hac vice*)
515 South Flower Street, Twenty-Fifth
Floor
Los Angeles, California 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
timothyreynolds@paulhastings.com
scottcarlton@paulhastings.com
alyssatapper@paulhastings.com


*Attorneys for Defendants*
Counsel for Defendant Quantum
Computing Inc., William J. McGann,
Robert Liscouski, Christopher
Boehmler, and Christopher Roberts

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT