**Levi & Korsinsky, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
aapton@zlk.com

*Counsel for Lead Plaintiff Jaeyeol Jung*

–additional counsel on signature page—

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAEYEOL JUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QUANTUM COMPUTING INC., WILLIAM J. MCGANN, ROBERT LISCOUSKI, CHRISTOPHER BOEHMLER, and CHRISTOPHER ROBERTS,<br>,<br><br>Defendants. | **Case No. 2:25-cv-01457-MEF-JSA**<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |

**LEAD PLAINTIFF JAEYEOL JUNG'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ....................................................................1

II.     ARGUMENT..........................................................................................2

     A.      Legal Standard..................................................................................2

     B.      Even If Plaintiff Were Required To Seek Leave, The Proposed Second Amended Complaint Cures The Purported Deficiencies .........4

     C.      There Are No Other Permissible Justifications To Deny Leave to Amend. .......................................................................................5

III.    CONCLUSION..........................................................................................8

## TABLE OF AUTHORITIES

**Page**

### CASES

*Adams v. Gould Inc.*,
739 F.2d 858 (3d Cir. 1984) ...................................................................................3

*Arthur v. Maersk, Inc.*,
434 F.3d 196 (3d Cir. 2006) ...................................................................................4

*Bechtel v. Robinson*,
886 F.2d 644 (3d Cir. 1989) ...................................................................................3

Boileau v. Bethlehem Steel Corp.,
730 F.2d 929 (3d Cir. 1984) ...................................................................................2

*Brown v. Philip Morris Inc.*,
250 F.3d 789 (3d Cir. 2001) ...................................................................................5

*Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*,
2021 WL 2075586 (S.D.N.Y. May 24, 2021) ......................................................6

In re Burlington Coat Factory Securities Litigation,
114 F.3d 1410 (3d Cir.1997) ..................................................................................3

*In re NAHC. Inc. Sec. Litig.*,
306 F.3d 1314 (3d Cir. 2002) .................................................................................4

Jablonski v. Pan American World Airways, Inc.,
863 F.2d 289 (3d Cir. 1988) ...................................................................................3

Lesser v. City of Cape May,
110 F. Supp. 2d 303 (D.N.J. 2000).........................................................................3

*Livingston v. Trustco Bank*,
2021 WL 6199655 (N.D.N.Y. Apr. 23, 2021) ......................................................6

*Riley v. Taylor*,
62 F.3d 86 (3d Cir. 1995) .......................................................................................2

## TABLE OF AUTHORITIES

**Page**

Scheuer v. Rhodes,
    416 U.S. 232 (1974)................................................................................3

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000) .............................................................4

**RULES**

Fed. R. Civ. P. 12(b)(6).........................................................................4

## I.    PRELIMINARY STATEMENT

Lead Plaintiff Jaeyeol Jung ("Plaintiff") submits this memorandum of law in support of his motion for leave to file a Second Amended Complaint. Plaintiff seeks targeted amendments to clarify and streamline his claims in light of developments since the pleading was first filed and to address issues raised in Defendants' pending motion to dismiss.[1]

The current operative Amended Complaint was filed on August 27, 2025. ECF 24. On October 29, 2025, the Court so-ordered the parties' joint stipulation providing that Defendants would answer, move, or otherwise respond to the operative complaint by November 14, 2025, that Plaintiff would file any opposition to a motion to dismiss by January 22, 2026, and that Defendants would reply by March 6, 2026. ECF 26. Defendants timely filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 14, 2025. ECF 29-1.

Plaintiff now moves for leave to amend before the close of motion-to-dismiss briefing, so that the Court may evaluate Defendants' Rule 12(b)(6) arguments against the most current and complete iteration of the pleadings. *See* Fed. R. Civ. P.

---

[1] A copy of the Proposed Second Amended Complaint is annexed hereto as Exhibit A and a redline comparing it to the operative Amended Complaint is annexed hereto as Exhibit B.

15(a)(2). The proposed amendments do not expand the case, add parties, or inject materially new theories; instead, they refine the factual allegations and sharpen the existing causes of action in response to further allegations from Former Employee 2 ("FE2") and arguments Defendants raised in their pending motion.

Under Rule 15 and Third Circuit precedent, leave to amend should be freely granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995). Furthermore, there will be no prejudice to Defendants and granting this motion will provide clear procedural efficiency for the Court. For these reasons, and as further explained below, Plaintiff respectfully requests that the Court grant leave to file the Proposed Second Amended Complaint and deem Defendants' current motion to dismiss directed to the superseded pleading moot. In the event this motion is granted, the parties will meet and confer on a schedule for Defendants' response to the Second Amended Complaint and any associated briefing.

## II.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Courts generally allow parties to amend their pleadings. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). "[A] refusal of a motion for leave to amend must be justified." *Riley*, 62

- 2 -

F.3d at 90. The Third Circuit has identified the following as permissible justifications to deny leave to amend: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Id.*

The Third Circuit has defined "futility" for these purposes as meaning that the amended Complaint would fail to state a cause of action upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir.1997). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). To demonstrate that a claim is "legally insufficient on its face," and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that "it appears beyond doubt that the [party] can prove no set of facts in support of [the] claim which would entitle [the party] to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lesser v. City of Cape May*, 110 F. Supp. 2d 303, 331 (D.N.J. 2000).

Delay alone is not sufficient to justify denial of leave to amend. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Moreover, any delay must have impaired the ability of the defendant to defend against the suit or that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it

- 3 -

would have offered had the ... amendment [ ] been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). In the absence of cognizable prejudice to the Defendant, courts are obliged to permit leave to file the amended complaint. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-07 (3d Cir. 2006).

### B. Even If Plaintiff Were Required To Seek Leave, The Proposed Second Amended Complaint Cures The Purported Deficiencies

Defendants argue that the Court should dismiss the Amended Complaint with prejudice because, among other things, it does not plead falsity under Rule 9(b) and the PSLRA by failing to identify the who, what, when, where, and how of any challenged statement and by leaning on block quotes without pinpointing the allegedly false statements. While Plaintiff does not concede that the Amended Complaint fails to plead falsity, this alleged deficiency has been cured via Plaintiff's Proposed Second Amended Complaint.

Courts have regularly concluded that if a claim may be vulnerable to dismissal under Fed. R. Civ. P. 12(b)(6) and the plaintiff moves to amend, "leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In assessing whether any deficiency has been cured, a court must consider whether the amended complaint would "survive a motion to dismiss for failure to state a claim[,]" under the applicable Fed R. Civ. P. 12(b)(6) standard. *In re NAHC. Inc. Sec. Litig.*, 306

- 4 -

F.3d 1314, 1332 (3d Cir. 2002). Significantly, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them[,]" when conducting its futility analysis. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

The Proposed Second Amended Complaint maintains the same two counts against Defendants while sharpening Plaintiff's allegations. Instead of adding new theories or parties, it adds additional, similar Class Period statements, alleges corporate scienter and the core operations doctrine, and spells out in greater detail why the identified statements are materially false and misleading. The Proposed Second Amended Complaint also removes certain claims that Defendants argued were time-barred, changes the beginning of the Class Period accordingly to reflect that, and omits the Regulation S-K claims previously asserted. Defendants thus cannot credibly claim prejudice, as the proposed amendments refine the allegations; they do not reinvent them. Furthermore, given the early stage of the proceedings and the PSLRA's discovery stay, their ability to defend against the suit will not be impaired in any way if the Court grants Plaintiff leave to amend.

## C.    There Are No Other Permissible Justifications To Deny Leave to Amend.

The other permissible justifications to deny leave to amend—bad faith, repeated failure to cure defects, and futility—are all absent here. There is no evidence of bad faith, no history of repeated missteps in prior amendments, and the

proposed amendments would cure, not replicate, the deficiencies the Defendants identified.

The proposed amendments would not be futile. The futility analysis under Rule 15, however, "is not, in short, a substitute for a motion to dismiss or a motion for summary judgment." *Livingston v. Trustco Bank*, 2021 WL 6199655, at *2 (N.D.N.Y. Apr. 23, 2021); *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021)("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.").

Here, the proposed amendment relates to claims pursuant to the Securities Exchange Act arising from Defendants' own SEC filings, press releases, and public statements, which already supply the factual backbone of a viable Section 10(b) claim. In its current form, the Complaint adequately alleges falsity through four categories of concrete, present-tense misrepresentations, each backed by particularized facts showing contemporaneous falsity. First, QCI repeatedly claimed to offer quantum computing hardware, even after FE2's contemporaneous tests confirmed the QPhoton device was purely classical, findings FE2 personally reported to McGann and Liscouski in the fall of 2022. Second, QCI falsely touted a "long-standing strategic partnership" with NASA when it merely provided basic

programming services. Third, QCI described short-term bridge loans to *millionways* as a strategic partnership and planned acquisition, though the loans were soon written off. Fourth, QCI announced a "foundry" for mass production of TFLN chips, when it had a small office suite unsuited for such use. The proposed Second Amended Complaint then layers in precisely the sort of additional particularized, contemporaneous detail that courts credit at the pleading stage, including additional allegations from FE2 concerning his hands-on testing of the QPhoton device and his direct warnings to Liscouski and McGann that the hardware was not quantum at all. It also adds more detailed explanations as to why the Defendants' statements were materially false and misleading.

The proposed amendment cures the very defects Defendants spotlight, including any perceived gaps as to falsity and scienter. Under Rule 15 and the Third Circuit's liberal policy of allowing pleadings to be amended, where a proposed amendment squarely addresses the arguments in a motion to dismiss and states a claim at least as plausible as those routinely upheld in this Circuit, futility is no basis to withhold leave.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant

Plaintiff's motion for leave to file an amended complaint.


Respectfully submitted,


Dated:        January 22, 2026            **LEVI & KORSINSKY, LLP**


 s/ Adam M. Apton
Adam M. Apton
Nicholas I. Porritt (*pro hac vice forthcoming*)
Max E. Weiss (*pro hac vice forthcoming*)
33 Whitehall Street, 27th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
aapton@zlk.com
nporritt@zlk.com
mweiss@zlk.com

*Counsel for Lead Plaintiff Jaeyeol Jung*